■ In the Matter of the Claim of JOSEPH ZURILLA, Appellant, v. CRITERION SHIRTBAND Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. On July 2, 1946 claimant, a dye cutter, sustained an occupationally caused herniated nucleus pulposus which was thereafter surgically removed. He returned to work in September, 1947 and has since

continued in employment without reduction in wages. In October, 1952 upon a report of an examination made by a board physician claimant was found to have a permanent partial disability and the case was closed on the prior award "until there is a change in condition." In March, 1962 upon medical evidence indicating the existence of a foot drop on the right side emanating from the surgical intervention the claim was reopened "for further consideration of disability, treatment, schedule loss of use of the right foot and liability therefor." Since claimant was not being treated and was performing his usual work without loss of time the case was again closed "on prior findings and awards." Upon his application the claim by an order of the board dated November 20, 1962 was rerestored to a Referee's Calendar for the development of the record "on the question of schedule loss of the foot and for a determination to be made on the completed record." The medical evidence thereafter adduced by the parties was directed to the amenability of the disability to schedule evaluation and resulted in a finding by the Referee that claimant continued to have a permanent partial disability and that "the case cannot be scheduled." Upon review a majority of the board affirmed. The instant appeal upon a shortened record followed. The record presents a question of fact with ample evidence to support the board's finding that claimant's injury is related to more than a partial loss of use of a member, a circumstance which we have held to interdict the availability of paragraphs d and s of subdivision 3 of section 15 of the Workmen's Compensation Law (*Matter of Baggetta* v. *Rosch Bros.*, 2 A D 2d 620; *Matter of Elkowitz* v. *Tyrol Sportswear*, 13 A D 2d 566; cf. par. [v]). Since claimant has suffered no loss of earnings other than those for which he has received full disability compensation, a consecutive schedule award would be impermissible in any event. (*Matter of Barbera* v. *Chez Vous Rest.*, 20 A D 2d 942.) Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi and Hamm, JJ., concur.